The opinion of the Court was delivered by
Munro, J.
The only question for the consideration of the Court in this case, is, Whether the sealed note executed by the ostensible partner, Thomas, in his individual name, for the *396 goods purchased of the plaintiffs, extinguished the original cause of action as against the defendant Madden, who at the time of the sale was a dormant partner of Thomas, although his connexion with the latter was unknown at that time to the plaintiffs. In determining this question, we deem it unnecessary to do more than merely to affirm the doctrine announced in the case of Watson, Crews & Co. vs. Owens & Co., 1 Rich. 111, where, upon a similar state of facts, the following points were ruled: 1st. That the note of a dormant partner, not being the note of the partnership, did not express or represent the liability of all the partners for the account sued on, but being a different security and not a satisfaction, it fulfilled the description of a collateral security. 2d. That a dormant partner cannot discharge himself from liability to pay the debt of a creditor through the medium of his ostensible partner by any acts of his during the concealment of the dormant partner, and this, too, for the very conclusive, reason that is assigned for it in the case of Robinson vs. Wilkinson, (3 Eng. Excheq. R. 417)— the authority, by-the-way, upon which our own decision above referred to mainly rests — “ That if it were otherwise, and the action be not maintainable, a door is widely opened to defraud creditors by means of dormant partnerships ; for if the plaintiffs had originally known that the defendant had been a dormant partner, they would not have dealt with the ostensible partner alone.” We are therefore satisfied that there is as little room to question the correctness of the ruling of the Circuit Judge on the law applicable to the case, as there is to doubt the correctness of the finding of the jury upon the facts.
The motion is therefore dismissed.
O’Neall, Wardlaw, Withers, WhitNer and Glover, JJ., concurred.

Motion dismissed.